UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00134-GNS-HBB

ELMER NEAL                                                                      PLAINTIFF

v.

TS TRUCKING, LLC, et al.                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Motion for Judgment on the Pleadings (DN 9) filed by Defendant First Liberty Insurance Corporation ("First Liberty") and Plaintiff Elmer Neal's ("Neal") Motion to File First Amended Complaint (DN 11). These motions are fully briefed and ripe for adjudication. For the reasons stated below the Court **DENIES** First Liberty's motion **AS MOOT** and **GRANTS** Neal's motion.

## I.        STATEMENT OF FACTS AND CLAIMS

On or about March 4, 2014, Neal was traveling eastbound on Kentucky Highway 90 when his vehicle collided with a dump truck equipped with a snow plow and salt spreader owned by TS Trucking, LLC ("TS"). (Compl. 1-2, DN 1-1). On March 15, 2015, Neal filed a complaint in Metcalfe Circuit Court against TS asserting claims of negligence and negligence *per se*. (Compl. 1-2). Neal also alleged that First Liberty, the insurance carrier for TS, breached its duties under Kentucky's Unfair Claims Settlement Practices Act ("UCSPA") to "make reasonable attempts to effectuate a fair, prompt and equitable settlement of [Neal's] claim."

(Compl. 2-3). On October 28, 2015, First Liberty removed the case to this Court on the basis of diversity jurisdiction.[1] (Notice of Removal 2, DN 1).

## II.     JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). Neal is a citizen of Kentucky, while First Liberty is a "company organized under the laws of the State of Illinois and . . . the principal place of business is . . . Boston, Massachusetts." (Notice of Removal 2). First Liberty asserts that it is more likely than not that Neal's claims meet the amount-in-controversy requirement, and Neal has not disputed this characterization. (Notice of Removal 3-4). Accordingly, the Court has jurisdiction over this matter.

## III.     STANDARD OF REVIEW

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)

---

[1] Prior to removal, the Metcalfe Circuit Court dismissed TS as a defendant in this matter following the apparent settlement of Plaintiff's personal injury claim. (Agreed Order of Partial Dismissal, DN 1-3).

(quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusion and unwarranted factual inferences need not be accepted as true. *JPMorgan,* 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV.   DISCUSSION

First Liberty's motion was the first filed. Should the Court allow Neal to amend his complaint, however, First Liberty's motion would then be moot. Accordingly, the Court will address the motions in reverse chronological order.

Neal's motion rests on two arguments: (1) that Federal Rule of Civil Procedure 15 ("Rule 15") dictates that amendments should be liberally granted, and (2) that because the Complaint was filed in state court, which has less stringent pleading requirements, it would be "unjust to deny the filing of an amended complaint particularly at this early stage in the proceeding." (Pl.'s Mot. to File First Am. Compl. 2). First Liberty responds that allowing Neal to amend the Complaint would be futile "because he fails to assert facts which satisfy the high threshold standard for bad faith claims in Kentucky." (Def.'s Resp. 1). First Liberty also directs the Court to its reply in support of its motion for judgment on the pleadings for an analysis of the

deficiencies of Neal's Complaint, and argues that these deficiencies not only would not be cured through the filing of the Amended Complaint, but indeed *could not* be cured. (Def.'s Resp. 2).

Neal is correct that Rule 15(a)(2) instructs the Court to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). First Liberty is correct that, Rule 15(a)(2) notwithstanding, "[a] court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). First Liberty's burden is to show that, accepting all of the facts in Neal's proposed Amended Complaint as true, the Amended Complaint would not survive a motion to dismiss.

"A single test under Kentucky law exists for the merits of bad-faith claims, whether brought by a first- or third-party claimant or brought under common law or statute." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 527 (6th Cir. 2006). The applicable test consists of three elements:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (citation omitted). A prerequisite to the application of the *Wittmer* test, however, is "evidence sufficient to warrant punitive damages . . . ." *Id.* This requires "evidence of 'intentional misconduct or reckless disregard of the rights of an insured or claimant' by the insurance company . . . ." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 703 (6th Cir. 2012) (quoting *Wittmer*, 864 S.W.2d at 890).

As alleged in Amended Complaint, First Liberty has engaged in bad faith and violated the UCSPA by: "[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies"; "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies"; "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information"; and "[n]ot attempting in good faith to effective prompt, fair and equitable settlements of claims in which liability has become reasonably clear." KRS § 304.12-230(2)-(4), (6). In support of these claims, Neal alleges that his counsel first contacted First Liberty by a letter dated May 6, 2014. (Am. Compl. 2). Neal did not receive a reply from First Liberty, however, until September 11, 2014. (Am. Compl. 2). In addition, Neal sent First Liberty a counteroffer by letter dated April 22, 2015, but First Liberty did not respond to the counteroffer at all. (Am. Compl. 3). First Liberty next communicated with Neal's counsel a month after Neal sent an additional communication on July 7, 2015. (Am. Compl. 3-4). A jury could reasonably find that these delays in communication or the failure to respond constituted intentional misconduct or reckless disregard for Neal' rights. *See Phelps*, 736 F.3d at 706 (holding that a delay of several months without any explanation for the delay could be evidence to support a claim under the UCSPA). Accordingly, because Neal's Amended Complaint would allow at least one facet of his bad faith and UCSPA claim to survive, amending the Complaint would not be futile. Absent futility, the Court will follow the dictates of Rule 15(a)(2) and allow Neal to amend the Complaint. Because the Court is allowing Neal to file an Amended Complaint, First Liberty's Motion for Judgment on the Pleadings based on Neal's Complaint is moot; it will therefore be denied.

## V.   <u>CONCLUSION</u>

For the reasons detailed above, **IT IS HEREBY ORDERED** that First Liberty's Motion for Judgment on the Pleadings (DN 9) is **DENIED** as moot, and Neal's Motion to File First Amended Complaint (DN 11) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 21, 2016

cc:      counsel of record